IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>TIDEWATER FLEET SUPPLY, LLC; PARTS SOUTH OF GEORGIA, INC.; JASON L. McCARD; EDWIN DALE ADAMS; RUSSELL K. PERRY; and JOSEPH R. VEITCH,<br><br>    Defendants. | Civil Action<br>File No.: 1:22-cv-00352-MLB |

**<u>OWNERS INSURANCE COMPANY'S INITIAL DISCLOSURES</u>**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff Owners Insurance Company ("Owners") provides the following as its initial disclosures. These disclosures are made prior to discovery, and after making a good faith inquiry and investigation as is reasonable under the circumstances. This investigation is continuing, and Owners reserves the right to correct and/or supplement these disclosures pursuant to Rule 26(e) should it become aware of additional relevant information.

By making the following disclosures, Owners does not represent that it is identifying every fact, document, tangible thing, witness, statute, or case relevant to

this lawsuit. In addition, the Owners does not waive its rights to object to any discovery request or proceeding involving or relating to these disclosures on any grounds, including competency, privilege, the work product doctrine, relevancy, hearsay, materiality, undue burden, or any other valid objection.

Furthermore, these disclosures are not an admission by Owners regarding any matter. All of the disclosures set forth below are made subject to the above qualifications.

1.

State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Response**:

Owners seeks a declaratory judgment from this Court, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and Defendants under policies of liability insurance.

Specifically, Owners filed this declaratory judgment action to determine the extent, if any, of their obligations to defend or indemnify Parts South of Georgia Inc. ("PSG") under a commercial general liability insurance policy issued by Owners to

"Complete Parts, Inc." policy number 154618-80037226-15. This policy was renewed each year consecutively through April 8, 2019, and the renewed policies provided identical coverage. The initial and renewed policies shall hereinafter be collectively referred to as "Policy I." Owners then issued a policy to PSG, policy number 154618-80037226-19, with an effective policy period of April 8, 2019 through April 8, 2020 ("Policy II").

The declaratory judgment action concerns, and is filed in connection with, allegations by Tidewater Fleet Supply LLC ("TFS") that Jason L. McCard, Edwin Dale Adams, Russell K. Perry, and Joseph R. Veitch conspired to implement a scheme to unfairly compete with TFS by: (i) sabotaging TFS' business operations; (ii) surreptitiously preparing to divert and then soliciting TFS' customers and supplier business that was developed using TFS' resources; and (iii) soliciting other TFS employees to fill PSG's roster across all job functions in various PSG offices when then launched operations and began diverting customers and business from TFS more quickly than they otherwise would have had PSG not established its branches. The First Amended Complaint filed in the Underlying Lawsuit asserted the following causes of action: Count I – Breach of Fiduciary Duty/Faithless Servant; Count II – Aiding and Abetting Breach of Fiduciary Duty; Count III – Tortious Interference with Existing and Prospective Business Relations; Count IV –

Raiding Employees; Count V – Business Disparagement; Count VI – North Carolina Unfair and Deceptive Trade Practices Act; and Count VII – Civil Conspiracy. However, liability coverage under Policy I and Policy II for the circumstances surrounding the Underlying Lawsuit is questionable.

Per the unambiguous terms of Policy I and Policy II, liability coverage for the Underlying Lawsuit is questionable because of the following:

(1) The Underlying Lawsuit does not seek damages for a defined injury per the terms of Policy I and Policy II (i.e. damages for "bodily injury", "property damage", "personal injury", "advertising injury", and/or "[p]ersonal and advertising injury."

(2) The Underlying Lawsuit alleges that PSG, McCard, Adams, Perry, and Veitch engaged in conduct that was "willful, malicious, intentional and calculated", the damages at issue therefore were "expected or intended from the standpoint of [PSG, McCard, Adams, Perry, and Veitch]."

(3) The Underlying Lawsuit alleges that PSG, McCard, Adams, Perry, and Veitch engaged in conduct that was "willful, malicious, intentional and calculated" and therefore the damages at issue are excluded from coverage because PSG, McCard, Adams, Perry, and Veitch acted with knowledge that their acts would violate the rights of another and would inflict "personal injury" or "advertising

injury" or "personal and advertising injury." Further, Defendant published material with knowledge of its falsity.

(4) Policy I insures only Complete Parts Inc. as a named insured and does not otherwise insure PSG, McCard, Adams, Perry, or Veitch as either named insureds, as insureds under Policy I's "WHO IS AN INSURED" provision, or as insureds under any other provision of Policy I.

(5) Policy II insures only Parts South of Georgia Inc. as a named insured and does not otherwise insure McCard, Adams, Perry, or Veitch as either named insureds, as insureds under Policy II's "WHO IS AN INSURED" provision, or as insureds under any other provision under Policy II.

(6) The claims in the Underlying Lawsuit occurred or began prior to the inception of Policy II, and, as a result, no coverage is afforded under Policy II.

(7) The claims in the Underlying Lawsuit are based upon publications that took place prior to the inception of Policy II and may be excluded as "personal and advertising injury" whose first publication took place prior to the beginning of the policy period.

Thus, because the Underlying Lawsuit does not trigger liability coverage under Policy I and II, and because liability coverage for the Underlying Lawsuit is otherwise excluded or limited under Policy I and Policy II, Owners is uncertain as

to their legal duties and/or obligations under Policy I and Policy II and seek to have such rights and duties determined by this Court in order to avoid the possible accrual of damages.

Accordingly, Owners seeks a declaratory judgment from this Court, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and the Defendants under Policy I and Policy II.

The legal issues to be determined are as follows:

(1) Whether the Underlying Lawsuit triggers liability coverage in favor of PSG, McCard, Adams, Perry, or Veitch under Policy I and/or Policy II;

(2) Whether liability coverage is excluded or otherwise limited for Policy I and/or Policy II.

(3) Whether Owners owes a duty to defend or indemnify PSG, McCard, Adams, Perry, or Veitch in the Underlying Lawsuit.

Because of the above-discussed circumstances, Owners is uncertain as to its legal duties and/or obligations under Policy I and Policy II and seeks to have such rights and duties determined by this Court in order to avoid the possible accrual of damages.

2.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Response**:

The following list of authority is not intended to be a final or complete recitation of the law upon which the Insurers will rely in its prosecution of their Complaint for Declaratory Judgment:

(a) Insurance contract interpretation. O.C.G.A. § 33-24-16; *Fidelity & Deposit Co. of Maryland v. Sun Life Ins. Co. of America*, 174 Ga. App. 258 (1985); *Brown v. Peninsular Fire Ins. Co.*, 171 Ga. App. 507 (1984); *Nelson v. So. Guaranty Ins. Co.*, 221 Ga. 804 (1966); *Georgetown Mortg., Inc. v. OHIC Ins. Co.*, 267 Ga. App. 318 (2004); *Allstate Ins. Co. v. Airport Mini Mall, Ltd. Liab. Co.*, 265 F. Supp. 3d 1356 (N.D. Ga. 2017) (collecting and summarizing Georgia case law regarding issues of untimely notice); *Progressive Mt. Ins. Co. v. Kaufman*, 2020 U.S. Dist. LEXIS 145828 (N.D. Ga. Aug. 13, 2020); *Ill. Union Ins. Co. v. NRI Constr.*, 846 F. Supp. 2d 1366 (N.D. Ga. 2012); *Cotton States Mut. Ins. Co. v. International Surplus Lines Ins. Co.*, 652 F. Supp. 851 (N.D. Ga. 1986); *Richmond v. Georgia Farm Bur. Mut. Ins. Co.*, 140 Ga. App. 215 (1976); *Bituminous Casualty Corp. v. J. B. Forrest*

*& Sons, Inc.*, 132 Ga. App. 714 (1974); *Hathaway Dev. Co. v. Ill. Union Ins. Co.*, 274 Fed. Appx 787 (11th Cir. Apr. 18, 2008); *Auto Owners Ins. Co. v. Gay Constr. Co.*, 332 Ga. App. 757 (2015).

(b) The terms and conditions of the Policies.

(c) The statutes, rules, and case law set forth above are illustrative of the principles which Owners contends are applicable to this action. The list is not intended by Owners to be an exhaustive list of all authority applicable to this litigation and which may become known to Owners during the course of this action.

3.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response**:

See Attachment "A".

4.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts

described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**Response**:

Owners has not at this time identified any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Owners will timely supplement their response to this Initial Disclosure if and when necessary.

5.

Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**Response**:

See Attachment "C".

6.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing

on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

**Response:**

Owners is currently seeking only a determination of its obligations to Defendants under the terms and conditions of Policy I and Policy II. Currently, Owners is not seeking any damages. However, Owners retains the right to amend and/or supplement this response in accordance with the Federal Rules and this Court's Local Rules.

7.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:**

Not applicable. However, in a good faith effort to be responsive to the spirit of this Initial Disclosure, Owners states that true and accurate copies of Policy I and Policy II can be found on the Court's docket at [Doc. Nos. 1-3 & 1-4]. Owners shall also make a certified copy of the insurance policies at issue in this matter available for review and copying upon request.

8.

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**Response:**

Not applicable at this time. Owners will timely supplement its response to this Initial Disclosure if and when necessary.

This 11th day of April, 2022.

                              Respectfully submitted,

                              KENDALL | MANDELL, LLC

                              /s/ Michael C. Kendall, II
                              Michael C. Kendall
                              Georgia Bar No. 414030
                              Michael C. Kendall, II
                              Georgia Bar No. 510402
                              *Attorneys for Owners Insurance Company*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:  (770) 577-3559
Facsimile:   (770) 577-8113
mckendall@kendallmandell.com
michaelkendall@kendallmandell.com

## Attachment "A"

1.      Owners Insurance Company. Owners may be contacted through the undersigned counsel of record. Owners has knowledge regarding the claims and allegations which are the subject of this litigation, coverage defenses to the same, and the policies issued.

2.      Tidewater Fleet Supply, LLC. Tidewater may be contacted through its counsel of record. Tidewater likely has information and knowledge concerning the claims and allegations which are the subject of this litigation and the underlying lawsuit, as well as the alleged damages.

3.      Parts South of Georgia, Inc. PSG may be contacted through its counsel of record. PSG likely has information and knowledge concerning the claims and allegations which are the subject of this litigation and underlying lawsuit, coverage issues respecting the same, and the policies issued.

5.      Jason L. McCard. Jason may be contacted through his counsel of record. Jason likely has information and knowledge regarding the claims and allegations which are the subject of this litigation and the underlying lawsuit.

6.      Edwin Dale Adams. Edwin may be contacted through his counsel of record. Edwin has information and knowledge regarding the claims and allegations which are the subject of this litigation and the underlying lawsuit.

7.      Russell K. Perry. Russell may be contacted through his counsel of record. Russell has information and knowledge regarding the claims and allegations which are the subject of this litigation and the underlying lawsuit.

8.      Joseph R. Veitch. Joseph may be contacted through his counsel of record. Joseph has information and knowledge regarding the claims and allegations which are the subject of this litigation and the underlying lawsuit.

9.      Any and all other individuals and/or entities identified and/or designated by any other party to this matter.

Owners further states that discovery has just begun in this case and it will supplement this information in accordance with the Federal Rules of Civil Procedure.

**Attachment "C"**

1.      The liability insurance policy between Owners Insurance Company and "Complete Parts, Inc." policy number 154618-80037226-15. This policy was renewed each year consecutively through April 8, 2019, and the renewed policies provided identical coverage. The initial and renewed policies shall be collectively referred to as "Policy I."

2.      The liability insurance policy between Owners Insurance Company and "Parts South of Georgia, Inc." policy number 154618-80037226-19, with an effective term of April 8, 2019 through April 8, 2020 ("Policy II").

3.      Reservation of rights letter to Parts South Georgia, Inc., Jason L. McCard, Edwin Dale Adams, Russell K. Perry, and Joseph R. Veitch.

4.      The underlying lawsuit, as well as the pleadings, discovery, and other documents filed in, exchanged in, and related to the underlying lawsuit.

5.      Correspondence amongst or between Owners and/or any parties to this dispute relating to coverage obligations under Policy I and Policy II that is not privileged or otherwise protected from disclosure;

6.      Other documents/pleadings identified and/or designated by any other party to this matter.

Owners further state that discovery has just begun in this case and it will supplement this information in accordance with the Federal Rules of Civil Procedure.

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1(B)**

Pursuant to Local Rule 7.1(D), counsel hereby certifies that the foregoing has been prepared with a font and point selection approved by Local Rule 5.1(B) (specifically, Times New Roman, 14 point).

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TIDEWATER FLEET SUPPLY, LLC; PARTS SOUTH OF GEORGIA, INC.; JASON L. McCARD; EDWIN DALE ADAMS; RUSSELL K. PERRY; and JOSEPH R. VEITCH,<br><br>Defendants. | Civil Action File<br>No.: 1:22-cv-00352-MLB |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Owners Insurance Company's Initial Disclosures** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Wayne M. Cartwright, Esq
HALL, GILLIGAN, ROBERTS & SHANLEVER, LLP
3349 Peachtree Road, Suite 1900
Atlanta, Georgia 30326

David L. Pardue, Esq.
Brian David Stoltz, Esq.
PARKER POE
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309

This 11th day of April, 2022.

/s/ Michael C. Kendall, II
Michael C. Kendall, II